UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCINE HUERTA, <br>     Plaintiff. <br>     v. <br> NANCY A. BERRYHILL, <br>     Defendant. | Case No.18-cv-00563-SVK <br><br> **ORDER DENYING IN PART PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL** <br><br> Re: Dkt. No. 31, 35 |

Plaintiff has filed an application to proceed in forma pauperis on appeal. ECF 31 ("IFP Application").[1] Pursuant to 28 U.S.C. § 1915(a)(1), a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. Federal Rule of Appellate Procedure 24 provides that a party may make a motion to appeal in forma pauperis. Fed. R. App. P. 24(a)(1). If the Court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs. *Id.* at 24(a)(2). The Court previously denied Plaintiff's application to proceed in forma pauperis before the district court and ordered Plaintiff to pay a reduced filing fee of $100. ECF 6; ECF 11.

When ruling on an in forma pauperis application, three general principles apply. First, proceeding in forma pauperis in a civil case is a privilege or favor granted by the government. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, the statute reads that the Court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). Thus, the grant, denial or other decision concerning an in forma pauperis

---

[1] Plaintiff filed a second application to proceed in forma pauperis on appeal. ECF 35. Plaintiff's second application is duplicative of her first, and therefore denied as moot.

application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Third, the ability to pay does not require that plaintiffs contribute their "last dollar" or "make themselves and their dependents wholly destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the person possesses. 28 U.S.C. § 1915(a)(1). An affidavit to proceed in forma pauperis is sufficient if it indicates "that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents' with the necessities of life." *Adkins*, 335 U.S. at 339. "Although pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App. 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)).

This Court's filing fee for a notice of appeal is $505. Although Plaintiff indicates she is not currently employed and has no income, her spouse's gross wages are $38,000 (net wages are $30,000). ECF 31 at ¶¶ 1–3.[2] The 2019 U.S. Federal Poverty Guidelines for a family of three (Plaintiff lists one dependent child on her IFP Application) is $21,330. *See* Office of the Assistant Secretary for Planning and Evaluation, Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited Mar. 11, 2019). Annual net wages of $30,000 amount to $2,500 per month. Plaintiff's listed monthly expenses for rent, food, utilities and clothing total $2,200, and she lists an additional $100 in debts. ECF 31 at ¶ 8. This monthly net income minus necessary expenses and debt payments leaves a balance of approximately $200 per month. Plaintiff also has $800 in her bank account. *Id.* ¶ 7.

Therefore, the listed family income appears sufficient to require payment of at least a portion of the court filing fee without depriving Plaintiff of the ability to pay for necessities. *See Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (recognizing a district court's power to

---

[2] The Court assumes for purposes of the IFP Application that the wages listed are annual, and not monthly as indicated in the IFP Application.

2

require partial payment of fees under 28 U.S.C. § 1915 (citing *Alexander v. Carson Adult High School*, 9 F.3d 1448 (9th Cir. 1993)). The Court previously granted Plaintiff the opportunity to file a declaration to rebut this conclusion by informing the Court that she does not have access to her husband's income and/or her husband has additional debts that are not apparent from the IFP Application, which reduce the amount of disposable income that is available to Plaintiff. Plaintiff chose not to file such a declaration and instead paid the partial filing fee ordered by the Court.

Accordingly, Plaintiff's application to proceed in forma pauperis on appeal is **DENIED IN PART**. Plaintiff is hereby **ORDERED** to pay a **$100** to the District Court as the fee for filing a notice of appeal. The Court waives the remaining balance as well as any other additional fees and costs on appeal. The clerk shall serve notice of this order forthwith to the Ninth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(4).

**SO ORDERED.**

Dated: March 11, 2019

_____
SUSAN VAN KEULEN
United States Magistrate Judge